(51 Misc. 632)

### MONROE v. PROCTOR.

(Supreme Court, Appellate Term.　November 14, 1906.)

1. APPEAL—PRESUMPTIONS—INFERENCES FROM EVIDENCE.

> Where the complaint is dismissed on plaintiff's evidence, he is entitled on appeal to the most favorable inferences that can be drawn from the evidence.
>
> [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3748.]

2. MASTER AND SERVANT—WRONGFUL DISCHARGE—BURDEN OF PROOF.

> In an action by a servant for wrongful discharge, the burden is not on plaintiff to show a vain search for other employment during the term.

3. SAME—EVIDENCE—SUFFICIENCY.
 In an action by the servant against the master, evidence *held* to show a wrongful discharge.

Appeal from City Court of New York.

Action by Anna Monroe against Frederick F. Proctor. From a judgment in favor of plaintiff, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Sturcke & Andrews (Louis Sturcke, of counsel), for appellant.

William F. S. Hart (David Tim, of counsel), for respondent.

GILDERSLEEVE, J. The court dismissed the complaint at the end of plaintiff's case. Plaintiff appeals.

The complaint alleges that on May 26, 1906, the plaintiff, an actress, entered into an agreement with defendant, a theatrical manager, whereby plaintiff was to act at defendant's theater for three weeks, commencing October 16, 1905, at a compensation of $300 a week, and that the defendant, without cause, refused to employ plaintiff for two weeks of said term of three weeks, to wit, for the two weeks commencing October 16, 1905, "although plaintiff was at all times ready and willing to perform her side of the said agreement and to render any and all services which she was required to render under the terms of the above mentioned agreement"; and said complaint demands $600 damages, with interest from November 6, 1905. The answer admits said contract, but denies that without cause defendant refused to employ plaintiff for the said two weeks of the said term, or that he refused to perform his agreement, as alleged in the complaint. The answer also denies that plaintiff has suffered $600 damages, as alleged in the complaint. The answer then sets up a separate defense to the effect that on October 16, 1905, it was agreed by the parties that the said two weeks of said term should be fulfilled at a later date; that plaintiff then procured other employment with a traveling company for about 25 weeks, and that upon her return she requested defendant to allow her to complete the two weeks; that defendant informed her that he had no open dates to complete the same until the month of September or October, 1906, which plaintiff declined to accept; and that defendant has been ready to complete the two weeks of said contract at any time from September 1, 1906. The answer does not deny the allegation of the complaint that plaintiff "was at all times ready and willing to perform her side of said agreement and to render any and all services which she was required to render under the terms of the aforementioned agreement." The original agreement referred to in the complaint was introduced in evidence, and also another agreement dated October 16, 1905, by which defendant employed plaintiff for one week from October 30, 1905, at the same rate of $300 per week. This would correspond to the third week under the original agreement of May 26, 1905, mentioned in the complaint, and the second agreement would seem to have been unnecessary, were the first agreement to be regarded as still in force on said 16th day of October, 1905, the day upon which, under said

first agreement, plaintiff was to commence her three weeks' term of employment.

It is the claim of the respondent that the first agreement was abrogated by mutual consent, and the second agreement substituted therefor, and a further oral agreement made, by which plaintiff was to be employed at a later date for the other two weeks of the said three weeks' term. Defendant, however, put no witness on the stand to substantiate this claim, but relied, apparently, on the second agreement itself and the admissions of plaintiff, who was the only witness produced at the trial. As the complaint was dismissed on plaintiff's testimony, the plaintiff is entitled to the most favorable inferences that can be reasonably drawn from the evidence. She swears she presented herself at the theater on October 16, 1905, ready and willing to carry out her contract, but was told that there must have been some misunderstanding, as there was no place for her. The answer does not deny, as we have seen, that she was at all times ready and willing to do her part of the original contract, as alleged in her complaint. She remained without work for the following two weeks. There is no evidence that she could have found work elsewhere, but it was not incumbent on plaintiff to show affirmatively, as part of her case, that other employment was sought by her and could not be found. Howard v. Daly, 61 N. Y. 371, 19 Am. Rep. 285. She admits, however, on cross-examination that she did not seek other employment during the two weeks in question, but stated she was waiting to receive word from defendant's agent proposing some new dates in place of the two weeks covered by the first contract, which dates were never submitted to her, although defendant's agent promised to send them within a week, and told her to go home and wait for them. She admits that she was willing to change the dates, if defendant so desired, but she swears that defendant's agent did not keep his promise in that respect, so that she lost the two weeks covered by the first contract without receiving any equivalent therefor. The last week of said three weeks' term—i. e., the week commencing October 30, 1905—she played at defendant's theater. This week, as we have seen, was also covered by the second contract, but we fail to see any new consideration for the latter contract, since this week was also covered by the first contract. If a new oral contract was proposed substituting other dates for the first two weeks mentioned in the original contract, there is the positive evidence of plaintiff that defendant did not comply with such proposal, and that such contract was never consummated. She swears positively that she did not sign the second contract as a substitute for the first one, except so far as it changed the name of the theater at which she was to appear that particular week. We are of opinion that it was error to dismiss the complaint on the testimony offered.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.